IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NEDRA BAXTER                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:10cv607-DPJ-FKB

WAL-MART STORES EAST, LP, et al.                                                      DEFENDANTS

ORDER

This slip-and-fall premises liability case is before the Court on the motions for summary judgment filed by Defendants Coca-Cola Enterprises, Inc. [69] and Wal-Mart Stores East, LP [80].[1] The Court, having considered the memoranda and submissions of the parties, concludes that the motions should be granted in part but otherwise denied.

I.   Facts and Procedural History

On September 5, 2009, Plaintiff Nedra Baxter slipped in a 2–3 foot large puddle of water in the cash register area of a Wal-Mart store in South Jackson, fell, and injured her knee. The water came from one of two one-door drink coolers owned, stocked, and maintained by Coca-Cola that was positioned at the end of a cash register aisle. Baxter has sued Wal-Mart and Coca-Cola for negligence and gross negligence and states an additional claim for negligent hiring, training, and supervision against Wal-Mart.[2] Both defendants have moved for summary

---

[1]Wal-Mart, with an opening memorandum 22 pages long and a rebuttal memorandum 18 pages long, exceeded its page limit without leave of court. L. U. Civ. R. 7(b)(5). There is no reason for the briefing on a dispositive motion in a slip-and-fall case to exceed the allowable 35 pages.

[2]Baxter initially asserted her negligent hiring, training, and supervision claim, as well as an additional claim for negligent infliction of emotional distress, against both defendants. *See* Compl. [1-1]. In her responses to the motions for summary judgment, she conceded her emotional distress claim against both and her hiring, training, and supervision claim against Coca-Cola. Pl.'s Resp. [106] at 1; Pl.'s Resp. [105] at 1. Those claims will therefore be dismissed.

judgment, asserting that there is no evidence to suggest that they either caused the water to be on the floor or had actual or constructive knowledge of the puddle in which Baxter slipped. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.     Analysis

Baxter claims that Wal-Mart and Coca-Cola were negligent with respect to the Coca-Cola coolers and that their negligence caused her fall and subsequent injury. Under Mississippi law governing slip-and-fall cases, the fact that a wet floor caused the plaintiff to slip "is not decisive on the issue of negligence."[3] *Parker v. Wal-Mart*, 241 F. Supp. 2d 663, 667 (S.D. Miss. 2001). Rather, the plaintiff must demonstrate the defendant's culpability by showing "either (1) that the defendant caused the dangerous condition, or (2) that the defendant had either actual or constructive knowledge of the hazard." *Id.* (citing *Mumford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). No evidence suggests that Wal-Mart or Coca-Cola had knowledge of the specific puddle of water in which Baxter slipped. But viewing the evidence in the light most favorable to Baxter, a fact question exists as to whether Defendants, knowing of an ongoing problem with leaky Coca-Cola coolers, negligently failed to address it, thereby creating an unreasonably dangerous condition that caused Baxter's injury. *See Drennan v. Kroger Co.*, 672 So. 2d 1168, 1172 (Miss. 1996); *F. W. Woolworth Co. v. Stokes*, 191 So. 2d 411, 416–18 (Miss. 1966).

Eddie Robinson, Wal-Mart's 30(b)(6) deponent and the manager of the Wal-Mart store, testified that Coca-Cola machines would "occasionally" leak "some condensation." Pl.'s Resp.

---

[3]The parties seem to agree that the standards applicable to premises owners under Mississippi law provide an appropriate framework for assessing the negligence claim against Coca-Cola, the owner of the injury-causing equipment on the premises. The touchstone for liability against either defendant is negligence, and to establish a claim against Coca-Cola for its conduct in maintaining the coolers, Baxter must "establish by competent evidence that [Coca-Cola] was somehow negligent in its maintenance and repair of the [coolers] and that this negligence caused [one of them] to malfunction that day." *Rudd v. Montgomery Elevator Co.*, 618 So. 2d 68, 72 (Miss. 1993).

3

[105] Ex. G, Robinson Dep. 48. Robinson described it as an "issue," *id*. at 60, and confirmed that Wal-Mart management personnel "had discussions" with the Coca-Cola employees who stocked the machines "to make sure that they understand that they play a role in actually, you know, making sure that those drip pans were emptied if they needed to be emptied . . . ." *Id.* at 49. He further testified that Wal-Mart employees "were checking the machines" because they "had got to a point that [they] knew [they] had to check them." *Id.* at 60–61. An employee who noticed a leaky cooler would "call maintenance and get it cleaned up." *Id.* at 61. Charles Thomas, a Wal-Mart maintenance associate, also testified that "coolers in the cashier area of the store" leaked condensation. Pl.'s Resp. [105] Ex. H, Thomas Dep. 24. Finally, Curtis Patrick, a Coca-Cola employee responsible for stocking coolers in the Wal-Mart store, testified that he noticed, on other occasions, some Coca-Cola coolers leaking. Pl.'s Resp. [106] Ex. F, Patrick Dep. 37. Patrick characterized the leaking as "random" and a condition that could "happen with any of the coolers." *Id.* at 38. Patrick testified that Wal-Mart personnel typically notified him about problems with coolers more than once a month. *Id.* at 44.

Defendants argue that none of this creates a fact question whether their negligence contributed to cause the fall for two reasons: (1) new coolers were installed in March 2009 and the testimony regarding problems was not linked to the relevant time frame; and (2) there was no evidence suggesting any problem with the coolers on this specific aisle. But as stated, the evidence must be viewed in a light most favorable to Baxter, and although the testimony was at times unclear, it creates a question of fact regarding the existence of a problem during the relevant time frame. *See*, *e.g.*, Robinson Dep. 48, 60–61. As for problems with these specific units, Patrick testified that it could happen with any of the coolers. Patrick Dep. at 38.

4

Defendants offer logical fact-based arguments, but the Court may not weigh the evidence and must view it in a light most favorable to Baxter. When doing so, a juror could infer that the failure to better address the leaky coolers was negligent and that the "collection of water on the floor was not completely unexpected . . . ." *Drennan*, 672 So. 2d at 1172. Summary judgment will therefore be denied as to Plaintiff's non-conceded negligence claims.

### B. Punitive Damages

Defendants have also moved for summary judgment on Baxter's claim for punitive damages, arguing that any negligence on their part did not rise to the level necessary to support an award of punitive damages. "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a). The Court is mindful of Baxter's heavy burden in this regard and concludes that she cannot meet it. *See Miller v. R.B. Wall Oil Co., Inc.*, 970 So. 2d 127, 133 (Miss. 2007) (reversing grant of summary judgment on negligence but affirming summary judgment on punitive damages claim in slip-and-fall case).

The evidence suggests that Wal-Mart did not recklessly disregard the safety of others. Rather, it took various precautions to prevent hazards: cash registers were stocked with paper towels to wipe up any spills, associates carried absorbent pocket pads to handle spills, maintenance associates performed constant safety sweeps of the store with dust mops, and all associates were trained to look for and handle any spills. *See* Mot. Summ. J. [80] Ex. E, Hood Dep. 16–17, 86–88; *id.* Ex. F, Booker Dep. 8–10, 20; *id.* Ex. I, Thomas Dep. 19–20. Similarly,

5

Coca-Cola employee Curtis Patrick was in the Wal-Mart store, stocking and tending to the coolers, twice a day, and he watched for and responded to any leaky coolers. Mot. Summ. J. [69] Ex. E, Patrick Aff. ¶ 5; Pl.'s Resp. [105] Ex. J, Patrick Dep. 37, 44. Defendants' alleged negligence falls short of what is required to sustain an award for punitive damages.

IV. Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. For the foregoing reasons, the motions for summary judgment filed by Coca-Cola Enterprises Inc. [69] and Wal-Mart Stores East, LP [80] are granted in part, and Baxter's negligent hiring, training, and supervision claim against Coca-Cola, as well as her punitive damages claim and negligent infliction of emotional distress claim against both defendants, are dismissed. The motions are otherwise denied. The parties are instructed to contact the Court's courtroom deputy to set this matter for new pretrial and trial dates.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE